The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAQUAN JACKSON,<br><br>Defendant. | NO. CR22-037 RSL<br><br>GOVERNMENT'S MEMORANDUM REGARDING DISPOSITION OF SUPERVISED RELEASE VIOLATIONS<br><br>Hearing: January 17, 2025 at 10:00 a.m. |

In 2017, Jaquan Jackson was sentenced to 50 months in custody for illegally possessing a firearm and driving under the influence (DUI).[1] In 2021, while on federal supervised release for the 2017 conviction, Jackson was sentenced to time served (approximately 18 months in custody) for illegally possessing a firearm. In June 2023, while on supervision for the 2021 conviction, Jackson was sentenced to 18 months in custody (time served) for illegally possessing a firearm during a DUI collision on State Route 167. That DUI case is currently pending in King County Superior Court. Now,

---

[1] The DUI was prosecuted separately in Clackamas County.

Gov't Mem. RE Supervised Release Violations - 1
United States v. Jackson / CR 22-037 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Jackson has once again violated supervision with a DUI collision that is more of the same new criminal conduct.

The fundamental problem here is not that merely that Jackson has violated supervision; it is that he is making the same poor choices over and over again. Jackson's repetitive violations are both a significant breach of the Court's trust and a serious public safety issue. One DUI is dangerous; this is Jackson's third DUI in under 10 years and his second DUI collision in under three years. Jackson's DUI collision in 2022 was a serious one-car collision—on a freeway—with a passenger and a gun in his car. The December 2024 collision—which occurred mere steps from this courthouse—crunched a parked car. The car could have been a pedestrian.

Jackson refused the breath test during both the 2022 and 2024 arrests, leading law enforcement to obtain a blood warrant. Like King County, the City of Seattle will wait for the results of the blood test before making a filing decision on the DUI charge.[2] Regardless of how the municipal court case proceeds, Jackson owes a debt of accountability to this Court for willfully violating its prohibition on consuming alcohol and endangering the public by driving drunk. For the foregoing reasons, the government recommends that the Court: (1) revoke supervision; (2) impose a sentence of 8 months in custody; and (3) impose a new 24-month term of supervision that includes a special condition of 4 months of alcohol monitoring.

## I. SUPERVISED RELEASE VIOLATIONS

On the evening of December 8, 2024, two Seattle Police Department (SPD) officers, Officer Simone Minichiello and Logan Spencer, observed a two-car collision near the intersection of Westlake and 7th Avenue, in front of Barolo Ristorante. The driver, later identified as Jackson, hit a parked car on a straight roadway. The damaged

---

[2] The Washington State Patrol Crime Laboratory is experiencing significant testing delays that may exceed one year.

Gov't Mem. RE Supervised Release Violations - 2  
*United States v. Jackson* / CR 22-037 RSL

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

victim car was undrivable. The victim car's owner was just finishing his shift at a nearby restaurant when he came outside to find his car heavily damaged and his evening ruined.

Jackson smoked a vape as he stood on the sidewalk, apologized for the collision, and asked the officers to let his female friend drive him home. He told the officers that he "took a shot at the Spin Bar" before driving home. The officers noticed that Jackson was swaying. Jackson agreed to perform field sobriety tests, but he was unsteady on his feet, unable to follow instructions, and ultimately decided not to finish the tests.

SPD Officer Justin Brown arrested Jackson for DUI. During a search incident to arrest, SPD officers located a large stack of $100 bills in Jackson's pocket, which they gave to Jackson's female companion. Officer Brown smelled alcohol on Jackson. Jackson refused to provide a breath sample, so Officer Brown obtained a search warrant for a blood sample. The blood sample was submitted to the Washington State Patrol Crime Laboratory for testing, and the results of that test are pending.

Probation has alleged two violations arising from Jackson's December 8 arrest: (1) Committing the crime of driving under the influence and (2) Consuming alcohol. These are Grade C violations with an advisory Sentencing Guidelines range of 8 to 14 months in custody. U.S.S.G. § 7B1.4(a).

The crime of driving under the influence has the following elements:

(1) That on or about February 8, 2024, the defendant drove a motor vehicle;

(2) That the defendant at the time of driving a motor vehicle was under the influence of or affected by intoxicating liquor; and

(3) That the act occurred in the State of Washington.

Washington State Pattern Jury Instructions (WPIC) § 92.02 (2024).

Jackson denies the violations and an evidentiary hearing is necessary. The government will offer the testimony of SPD Officers Justin Brown and Simone Minichiello, along with video clips from their bodyworn and in-car video cameras.

Gov't Mem. RE Supervised Release Violations - 3
United States v. Jackson / CR 22-037 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. GOVERNMENT'S RECOMMENDATION

Alcohol consumption and drunk driving is an ongoing issue for Jackson. He knows it is an ongoing issue. He has been violated and admonished for it.[3] He has received treatment for it.[4] His conditions of supervised release have been modified to address it.[5] Probation has made every effort to work with Jackson on this issue and Jackson's response is to take shots at a downtown bar and drive home—*while he has a pending DUI case*. Even as an alcoholic, Jackson is in complete control over whether he decides to take shots at a bar. The government is unable to comprehend why Jackson would make that choice, given his history, the obligations he owes to this Court, and everything he stands to lose. It is profoundly selfish. And more than being selfish, it reflects Jackson's fundamental belief that the rules do not apply to him.

The Sentencing Commission projects a range of 8 to 14 months in custody for this violation. Additionally, "[w]here the original sentence was the result of a downward departure . . . , an upward departure may be warranted." U.S.S.G. § 7B1.4(a), application note 4. Jackson's original sentence of 18 months was a substantial downward variance from the Sentencing Guidelines range of 51 to 63 months, and that variance was based in part on Jackson's promises to this Court that that he would remain sober and would not drive under the influence. Arguably, a sentence above the advisory range of 8 to 14 months is warranted here.

//
//

---

[3] Seven times in the past 18 months.
[4] Inpatient treatment in July 2023 and outpatient treatment twice after that.
[5] Twice.

Gov't Mem. RE Supervised Release Violations - 4
*United States v. Jackson* / CR 22-037 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government sees no basis to recommend a downward variance from the advisory Sentencing Guidelines range on Jackson's 24th and 25th violations of federal supervised release, particularly considering the repetitive nature of these violations and the public safety implications of them. Therefore, the government recommends that the Court revoke supervised release, impose a sentence of 8 months in custody, and impose a new 24-month term of supervised release with a special condition that requires 24/7 alcohol monitoring for a period of 4 months following his release from custody.

DATED this 14th day of January, 2025.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s Jessica M. Manca*
JESSICA M. MANCA
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-4397
Fax: (206) 553-0882
E-mail: Jessica.Manca@usdoj.gov

Gov't Mem. RE Supervised Release Violations - 5
*United States v. Jackson* / CR 22-037 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970